Filed 9/15/21

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E074962 |
| v. | (Super.Ct.No. RIF143793) |
| STEVEN RAY EYNON, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed with directions.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2013, Steven Ray Eynon pled guilty to premeditated first degree murder and admitted that the murder was committed during a robbery. The information alleged that a codefendant was the actual killer.

In 2019, Eynon filed a petition to vacate his murder conviction under Penal Code section 1170.95 (undesignated statutory references are to this code). The trial court denied the petition without issuing an order to show cause.

On appeal, the People argue that Eynon is ineligible for relief because he "admitted he acted with a premeditated and deliberate intent to kill the victim." We reject the People's argument because it mischaracterizes Eynon's factual admissions. Eynon admitted that he was guilty, on an unspecified theory, of a premeditated and deliberate murder. But he did not admit that *he acted with* premeditation, deliberation, or intent to kill. In so holding, we agree with *People v. Rivera* (2021) 62 Cal.App.5th 217, review granted June 9, 2021, S268405 (*Rivera*), which rejected an argument similar to the one presented here.

Nothing in Eynon's record of conviction refutes the allegation in his section 1170.95 petition that he is eligible for relief. We accordingly reverse the order denying his petition, and we remand with directions to issue an order to show cause under subdivision (c) of section 1170.95.

BACKGROUND

By information filed in January 2012, the People alleged that Eynon and one codefendant "did wilfully, unlawfully, and with deliberation, premeditation, and malice

2

aforethought murder [the victim]." (§ 187, subd. (a).) The information further alleged that the murder was committed in the commission or attempted commission of a robbery within the meaning of section 190.2, subdivision (a)(17), that both defendants had previously been convicted of murder (§ 190.2, subd. (a)(2)), that Eynon personally used a firearm during the commission of the offense (§§ 12022.53, subd. (b), 1192.7, subd. (c)(8)), and that his codefendant personally discharged a firearm resulting in great bodily injury or death of someone other than an accomplice (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)).

In 2013, Eynon pled guilty to first degree murder as charged in count 1 and was sentenced to the agreed term of 25 years to life in state prison. Pursuant to the parties' agreement and on request of the prosecution, all enhancement allegations were dismissed. On the plea agreement form, Eynon initialed the following statement: "I agree that I did the things that are stated in the charges that I am admitting."

At the change of plea hearing, the trial court read aloud the charge as alleged in count 1, and Eynon pled guilty to committing first degree murder "willfully, unlawfully, and with deliberation, premeditation, and malice aforethought." As a factual basis for the guilty plea, Eynon admitted that he did "what Count 1 of th[e] Information says [he] did, when it says [he] did it." The prosecutor added that as to Eynon the murder was a "felony murder, first-degree murder theory," in that Eynon "was involved in a robbery, as you can see from the special circumstances." The court then asked whether it should take a plea to the robbery-murder special circumstance allegation, but the prosecutor stated

3

that such a plea was unnecessary because "that would take us beyond the 25 to life." The prosecutor nonetheless wished to "note for the record" "that it was a felony murder with robbery." Eynon then agreed, in response to an inquiry from the court, "that this was a first-degree murder by virtue of being a felony murder; that being murder that occurred during the commission of a robbery."

In 2019, after enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), Eynon filed a petition and supporting declaration seeking resentencing under section 1170.95. He attested that (1) a charging document was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) he pled guilty in lieu of proceeding to trial because he believed he could have been convicted under one of those theories, and (3) he could not now be convicted of murder because of changes made to sections 188 and 189 by Senate Bill 1437. He also stated that he was not the actual killer, did not act with intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life.

The People filed a response to the petition, arguing that Eynon was ineligible for relief because "as a verifiable factual matter" "prior determinations demonstrate petitioner was a direct aider and abettor with the intent to kill, and/or was a major participant in the underlying felony and acted with reckless indifference to human life." The People conceded that Eynon was not the actual killer. Eynon's counsel filed a reply addressing the constitutionality of section 1170.95.

4

At a hearing at which Eynon appeared through counsel, the trial court denied the petition without issuing an order to show cause. As the basis for its ruling, the court adopted the People's argument that Eynon "was held to answer on the special circumstance at the prelim, which would have required at least a finding of a major participant with reckless indifference."

DISCUSSION

Eynon argues that the trial court erred by denying his section 1170.95 petition without issuing an order to show cause, because he stated a prima facie case for relief and the record of conviction does not refute his allegation that he is eligible for relief. We agree.

A. *Murder Liability and Senate Bill 1437*

We begin by summarizing both the law of murder as it existed when Eynon pled guilty and the ways it was changed by Senate Bill 1437. "Murder is the unlawful killing of a human being, or a fetus, with malice aforethought." (§ 187, subd. (a).) Although malice is thus an element of murder, prior law allowed defendants who did not act with malice to be liable for murder under certain circumstances.

First, under the natural and probable consequence doctrine, a defendant who aids and abets a confederate in committing a crime (the target offense) is liable for other crimes committed by the confederate if those further crimes were natural and probable consequences of the target offense. (*People v. Clements* (2021) 60 Cal.App.5th 597, 610.) Thus, under prior law, if the direct perpetrator of the target offense committed

5

murder, and the murder was a natural and probable consequence of the target offense, then an aider and abettor of the target offense would be liable for the murder even if the aider and abettor did not act with malice.  (*People* v. *Gentile* (2020) 10 Cal.5th 830, 845 (*Gentile*) ["until recently, when a person aided and abetted a nonhomicide crime that then resulted in a murder, the natural and probable consequences doctrine allowed him or her to be convicted of murder without personally possessing malice aforethought"].)

Second, prior law provided that anyone who commits or attempts to commit a felony listed in section 189, subdivision (a), in which a death occurs is liable for first degree murder.  (*People v. Powell* (2018) 5 Cal.5th 921, 942.)  In this way as well, prior law allowed for murder liability without malice—a principal in an enumerated felony that resulted in death would be liable for first degree murder even if the principal did not act with malice.  (*People v. Bryant* (2013) 56 Cal.4th 959, 965 ["'The felony-murder rule makes a killing while committing certain felonies murder without the necessity of further examining the defendant's mental state'"].)

That was the state of the law in 2013, when Eynon pled guilty.  In 2014, however, the Supreme Court held that "an aider and abettor may not be convicted of first degree *premeditated* murder under the natural and probable consequences doctrine."  (*People v. Chiu* (2014) 59 Cal.4th 155, 158-159 (*Chiu*), superseded by statute as stated in *People v. Lewis* (2021) 11 Cal.5th 952, 959, fn. 3 (*Lewis*).)  But the court allowed that defendants could still be convicted of second degree murder under the natural and probable consequences doctrine.  (*Chiu*, at p. 166.)

6

A few years later, the law changed further with the enactment of Senate Bill 1437. "Senate Bill 1437 narrowed the scope of liability for first and second degree murder by altering the doctrines that had allowed convictions for those offenses in the absence of malice. Effective January 1, 2019, Senate Bill 1437 made that change by amending sections 188 and 189 to restrict the scope of first degree felony murder and to eliminate murder liability based on the natural and probable consequences doctrine. (Stats. 2018, ch. 1015, §§ 2-3.)" (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 917.)

Amended section 188 provides that, except for first degree felony murder, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The requirement that the principal act with malice eliminates all murder liability under the natural and probable consequences doctrine. (*Gentile*, *supra*, 10 Cal.5th at p. 839.)

Amended section 189 limits the first degree felony murder rule by imposing new requirements for its application. The statute provides that, unless the victim is a peace officer killed in the line of duty, a defendant cannot be liable for first degree felony murder unless the defendant was the actual killer, acted with intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subds. (e), (f); *People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336.)

7

B.  *Section 1170.95*

Senate Bill 1437 created section 1170.95 to provide a mechanism for retroactive application of amended sections 188 and 189 to certain defendants convicted of murder under prior law.  (*Rivera, supra*, 62 Cal.App.5th at p. 232.)  Subdivision (a) of section 1170.95 provides that any "person convicted of felony murder or murder under a natural and probable consequences theory may" petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts if the following criteria are met:  (1) "A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) "[t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder," and (3) "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327 (*Verdugo*), abrogated on another ground in *Lewis, supra*, 11 Cal.5th at pp. 961-963, 966-967.)

Upon the filing of a facially sufficient petition, the trial court must (1) appoint counsel for the petitioner if requested, (2) allow the People to file a response to the petition and allow the petitioner to file a reply, and (3) determine whether the petitioner has made a prima facie case for eligibility or entitlement to relief.  (*Lewis, supra*, 11 Cal.5th at pp. 960, 962-965.)  In conducting the prima facie review, the court may

consider the record of conviction. (*Id.* at pp. 970-972.) "'"[T]he court takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."'" (*Id.* at p. 971.) In conducting the prima facie review, the court must not engage in factfinding, weigh the evidence, or reject the petition's allegations on the basis of adverse credibility determinations. (*Id.* at pp. 971-972, 974.)

"If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).) "Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 327.)

C. *Analysis of Eynon's Petition*

Eynon argues that the trial court erred by denying his petition without issuing an order to show cause. We agree.

The trial court denied the petition on the ground that at the preliminary hearing Eynon was held to answer on the special circumstance allegation, "which would have required at least a finding of a major participant with reckless indifference." We independently review the trial court's determination that the record of conviction refuted Eynon's allegation that he is eligible for relief under section 1170.95. (*People v. Garcia*

9

(2020) 57 Cal.App.5th 100, 110, review granted Feb. 10, 2021, S265692.) We agree with Eynon that the trial court's reasoning was erroneous.

Again, when conducting a prima facie review, the trial court must assume the truth of the petition's allegations and must not engage in factfinding, weigh the evidence, or reject the petition's allegations on the basis of adverse credibility determinations. (*Lewis*, *supra*, 11 Cal.5th at pp. 971-972, 974.) If the record of conviction ""contain[s] facts refuting the allegations made in the petition""" (*id.* at p. 971), however, then the trial court is justified in rejecting them. Eynon alleged that he was not a major participant or did not act with reckless indifference to human life. The special circumstance allegation was to the contrary, and Eynon was held to answer on that allegation, but neither the allegation nor Eynon's being held to answer on it constitutes a ""fact[] refuting"" Eynon's allegation in his petition. (*Ibid.*) Being held to answer on an allegation does not constitute a factual finding that the allegation is true (and the allegation itself does not establish its own truth). Being held to answer does not even constitute a determination that the allegation is supported by substantial evidence. (See, e.g., *People v. Superior Court (Jurado)* (1992) 4 Cal.App.4th 1217, 1225-1226.) The trial court therefore erred.[1]

---

[1]    In support of their contention that Eynon was "ineligible for relief because the robbery murder special circumstance alleged a theory of felony murder that survived [Senate Bill] 1437's amendments to section 189, subdivision (e)," the People cite *People v Galvan* (2020) 52 Cal.App.5th 1134, review granted October 14, 2020, S264284 (*Galvan*) and *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted October 14, 2020, S264033 (*Gomez*). Both cases are inapposite because both involved special circumstance allegations that were found true by juries. (*Galvan*, *supra*, at p. 1139; *Gomez*, *supra*, at p. 3.) Neither case stands for the proposition that the mere allegation of a special circumstance, without an admission or finding of its truth, is sufficient to refute a defendant's allegation of eligibility for relief under section 1170.95.

As the People point out, however, "'"a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason."'" (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)  We therefore must affirm if the denial of Eynon's petition at the prima facie review stage was correct, even if the reason given by the trial court was erroneous.

According to the People, the denial was correct for the following reason:  The record of conviction contains facts refuting Eynon's allegation that he is eligible for relief because "[a]s a factual basis for his plea, [Eynon] admitted he acted with a premeditated and deliberate intent to kill the victim."  We conclude that the argument lacks merit because it misunderstands the scope of Eynon's factual admissions.

At his change of plea hearing, Eynon pled guilty to committing first degree murder "willfully, unlawfully, and with deliberation, premeditation, and malice aforethought." As a factual basis for the guilty plea, Eynon admitted that he did "what Count 1 of th[e] Information says [he] did, when it says [he] did it."  He further admitted "that this was a first-degree murder by virtue of being a felony murder[,] that being murder that occurred during the commission of a robbery."  Eynon made no other factual admissions.  The question is whether his factual admissions support the People's argument or otherwise refute his allegation that he is eligible for relief.  We conclude that they do not.

*Rivera* addressed a similar issue, and we agree with its analysis.  *Rivera* concerned a section 1170.95 petition brought by a defendant who had pled guilty to second degree

11

murder and who, like Eynon, was not alleged to be the actual killer.[2] (*Rivera*, *supra*, 62 Cal.App.5th at pp. 225-226.) In *Rivera*, the charging document alleged that the defendant "'did willfully, unlawfully, and with malice aforethought murder'" the victim. (*Id.* at pp. 224-225.) The defendant pled guilty, and his counsel "'stipulate[d] to a factual basis' for the plea" on the basis of "the transcript of the grand jury proceedings," which was not admitted or summarized. (*Id.* at pp. 225-226 & fn. 7.) On appeal from the denial of the defendant's subsequent petition under section 1170.95, the People argued that the defendant was ineligible for relief as a matter of law because he "admitted to committing murder with malice aforethought." (*Rivera*, at p. 234.) The Court of Appeal disagreed. (*Ibid.*)

The court reasoned that "[t]he generic manner in which murder was charged . . . did not limit the People to prosecuting [the defendant] on any particular theories." (*Rivera*, *supra*, 62 Cal.App.5th at p. 233.) Rather, "it allowed the prosecution to proceed on *any* theory of murder." (*Ibid.*) By pleading guilty, the defendant admitted every element of the charged offense, including malice. (*Id.* at p. 234.) But the defendant did not admit facts supporting liability on any particular theory, and the generic pleading encompassed theories—such as natural and probable consequences and felony murder—

---

[2]     In *Rivera*, only a codefendant was alleged to have discharged a firearm causing death. (*Rivera*, *supra*, 62 Cal.App.5th at p. 225.) Similarly here, Eynon's codefendant was alleged to have discharged a firearm causing great bodily injury or death, but Eynon was alleged only to have used a firearm, not to have discharged it or to have caused great bodily injury or death. The People's opposition to Eynon's section 1170.95 petition conceded that the victim "was shot to death" by Eynon's codefendant during a robbery in which Eynon was an accomplice.

12

that did not require the defendant to have acted with malice. (*Ibid.*) Accordingly, the guilty plea did not constitute an admission that the defendant acted with malice. (*Id.* at p. 235 ["there is no basis on which to infer that [the defendant] admitted to acting with actual malice"].) Instead, it was an admission that a murder with malice was committed and that the defendant committed an act with the necessary intent to render him liable for that murder under then-existing law. The plea consequently did not refute the defendant's allegation that he was eligible for relief. (*Id.* at p. 234 ["given that the allegation that a murder was committed 'willfully, unlawfully, and with malice aforethought' is a generic charge permitting the prosecution to proceed on *any* theory of murder, we cannot conclude that by admitting to the murder as charged [the defendant] admitted that he acted with actual malice, not just that the element of malice was satisfied"].)

*Rivera*'s analysis applies with equal force here. The information alleged generically that Eynon and his codefendant "did wilfully, unlawfully, and with deliberation, premeditation, and malice aforethought murder [the victim]." Eynon was not alleged to be the actual killer, and the generic murder charge allowed the prosecution to proceed on any theory of liability, including natural and probable consequences or felony murder. Accordingly, by pleading guilty and admitting that he did "what Count 1 of th[e] Information says [he] did, when it says [he] did it," Eynon did not admit that he acted with malice. Rather, he admitted that the charged murder took place and that he committed an act with the necessary intent to render him liable for that murder under

13

then-existing law.  Then-existing law did not require him to act with malice in order to be liable for murder, so his plea and factual admissions did not encompass an admission that he acted with malice.

Contrary to the People's argument, Eynon's guilty plea and admission that he committed murder "with deliberation[ and] premeditation" do not change the analysis. Eynon admitted that a deliberate and premeditated murder was committed and that he committed an act with the necessary intent to incur liability for that murder, on some unspecified theory.  But he did not admit that *he acted with* deliberation and premeditation, let alone that he acted with deliberate and premeditated intent to kill.

Nor does Eynon's guilty plea and admission that he committed first degree deliberate and premeditated murder exclude the possibility that his conviction was based on the natural and probable consequences doctrine.  Eynon pled guilty in 2013, when the natural and probable consequences doctrine was a legally valid theory of liability for first degree premeditated murder.  *Chiu*, *supra*, 59 Cal.4th 155, in which the Supreme Court held that defendants cannot be convicted of first degree premeditated murder on a natural and probable consequences theory, was decided in 2014.

Finally, Eynon's admission that the murder "was a first-degree murder by virtue of being a felony murder[,] that being murder that occurred during the commission of a robbery," likewise does not refute his allegation that he is eligible for relief.  When Eynon pled guilty, a defendant could be liable for first degree felony murder without being the actual killer, acting with intent to kill, or being a major participant in the

14

underlying felony who acted with reckless indifference to human life. The information alleged all of those things, but Eynon never admitted them—he did not admit the truth of the special circumstance allegation. He admitted only that the murder was a first degree murder because it was committed in the course of a robbery, and that he had committed an act with the necessary intent to render him liable for that murder under then-existing law. That is not enough for first degree felony murder liability after Senate Bill 1437, so his admission that the murder was a first degree felony murder does not refute his allegation that he is eligible for relief—perhaps he did not act with intent to kill and was not a major participant in the robbery or did not act with reckless indifference to human life, as his section 1170.95 petition alleges.[3]

To summarize: When Eynon pled guilty, the law allowed him to be convicted of first degree premeditated murder on a natural and probable consequences theory, and it also allowed him to be convicted of first degree felony murder without being the actual killer, acting with intent to kill, or being a major participant in the underlying felony who acted with reckless indifference to human life. The accusatory pleading did not exclude

---

[3]     In *Rivera*, the People argued that the defendant must have been prosecuted on a direct aiding and abetting theory, because the transcript of the grand jury proceedings contained no evidence of an underlying felony or other target offense that could have formed the basis for liability on a felony murder or natural and probable consequences theory. (*Rivera*, *supra*, 62 Cal.App.5th at p. 238.) *Rivera* rejected that argument on the ground that it would require the court to engage in impermissible factfinding at the prima facie stage. (*Id.* at pp. 238-239.) No such argument is possible in this case. Eynon admitted that the murder was committed in the course of a robbery, so he admitted the existence of an underlying felony that could have formed the basis for liability on a felony murder or natural and probable consequences theory. We accordingly express no opinion on that portion of *Rivera*'s analysis.

15

either of those theories—the prosecution could have relied on natural and probable consequence, felony murder, or both if the case had proceeded to trial. Eynon's guilty plea, his admission that he did what was charged in the murder count, and his admission that the murder was committed in the course of a robbery consequently did not include any factual admissions that refute his allegation that he is eligible for relief under section 1170.95. Although he admitted that he was liable for a murder committed with malice, deliberation, and premeditation, he did not admit that *he acted with* malice, deliberation, or premeditation. And although he admitted that he was liable for a murder committed in the course of a robbery, he did not admit that he was the actual killer, acted with intent to kill, or was a major participant in the robbery and acted with reckless indifference to human life.

We conclude that Eynon's petition states a prima facie case for relief and that the record of conviction does not refute his allegation that he is eligible for relief. The trial court therefore erred by denying the petition without issuing an order to show cause.

## DISPOSITION

The trial court's order denying Eynon's section 1170.95 petition is reversed. The case is remanded to the trial court with directions to issue an order to show cause under subdivision (c) of section 1170.95.

CERTIFIED FOR PUBLICATION

MENETREZ
J.

We concur:

16

MILLER

                      Acting P. J.

RAPHAEL

                           J.